# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., as
nominee for SUNTRUST MORTGAGE, INC.,

                **Plaintiff,**

-vs-                                                Case No. 6:11-cv-2033-Orl-22GJK

**CLARDY MALUGEN** a/k/a Clardy A.
Malugen, **REGIONS BANK,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration, without oral argument, on the following motions:

| | |
|---|---|
| **MOTION:** | **SUNTRUST'S MOTION FOR REMAND TO STATE COURT, MOTION FOR ATTORNEYS' FEES AND COSTS, AND MEMORANDUM OF LAW IN SUPPORT** (Doc. No. 6) |
| **FILED:** | **December 23, 2011** |

**THEREON** it is **RECOMMENDED** that consideration of the motion be **STAYED** in light of Defendant's filing for bankruptcy.

| MOTION: | SUNTRUST'S MOTION FOR ATTORNEYS' FEES PURSUANT TO COURT'S ORDER (Doc. No. 12) |
|---|---|
| FILED: | January 30, 2012 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I. BACKGROUND

On December 22, 2011, Defendant, Clardy Malugen, filed a notice of removal, pursuant to 28 U.S.C. §§ 1441, 1446. Doc. No. 1. The basis for removal was Defendant's recent discovery of the Real Estate Settlement Procedures Act (hereafter "RESPA"), Federal Deceptive and Unfair Trade Practices Act (hereafter "FDUTPA") and "other violations." Doc. No. 1 at 2, ¶ 2. Defendant asserted the Court has federal question jurisdiction over "RESPA violations under 28 U.S.C. § 1331." Doc. No. 1 at 2, ¶ 3. On the civil cover sheet filed with the notice of removal, Defendant indicated that she was removing a foreclosure action filed in state court on the basis of "Plaintiff's violation of FDUTPA, RESPA, TILA and other U.S. Civil Statutes." Doc. No. 1-1. On December 23, 2011, Defendant filed a twelve count counterclaim asserting claims for constructive fraud, fraudulent inducement, negligent inducement, fraudulent misrepresentation, negligent misrepresentation, breach of fiduciary duty, negligence, violations of federal and state FDUTPA, RESPA, the Fair Debt Collection Practice Act and the Truth in Lending Act. Doc. No. 5 at 6-12.

On December 23, 2011, Plaintiff moved to remand the case to state court for untimely removal and lack of subject matter jurisdiction, and moved for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c) (hereafter "Motion for Remand and Fees"). Doc. No. 6. In its

request for relief, Plaintiff sought an award of fees "incurred as a result of Malugen's patently improper removal." Doc. No. 6 at 3. The Motion for Removal and Fees did not request an award of fees against Defendant's counsel. Doc. No. 6.

On January 17, 2012, the District Court granted the Motion to Remand and Fees. Doc. No. 11. The District Court noted that Defendant did not file "any opposition" to the Motion to Remand and Fees. Doc. No. 11 at 1. The District Court noted that Defendant's counsel, Lora S. Scott, Esq., previously filed identical notices of removal in two other cases[1] and the Court "*sua sponte* remanded the cases for lack of subject matter jurisdiction explaining that federal jurisdiction could not be predicated upon a federal defense or upon an actual or anticipated federal counterclaim, even when the counterclaim is compulsory." Doc. No. 11 at 1. The District Court also noted that, notwithstanding these prior orders, Ms. Scott filed a similar notice of removal in this case. Doc. No. 11 at 1. As a result of Ms. Scott's actions, the District Court expressed "concerns that Ms. Scott has violated Rule 11(b), Fed.R.Civ.P." Doc. No. 11 at 1. The District Court remanded the action to state court and referred, to the undersigned, the matter of determining the "amount of attorneys' fees and costs to be awarded pursuant to 28 U.S.C. §1447(c), and whether and to what extent, sanctions against Lora S. Scott are warranted." Doc. No. 11 at 2.

On January 30, 2012, Plaintiff moved for attorney's fees (hereafter "Motion for Fees"), pursuant to 28 U.S.C. § 1447(c) and the District Court's January 17, 2012 order, "against the [D]efendant . . . and her counsel, Lora S. Scott jointly and severally." Doc. No. 12 at 1. Plaintiff attached supporting affidavits and a time sheet detailing the time spent and services rendered,

---
[1] *Smolski v. Miller Brewing Co.*, 6:11-cv-1196-22GJK (M.D. Fla. filed on July 20, 2011), and *Correa v. BAC Homes Loan Servicing, LP*, 6:11-cv-1197-22KRS (M.D. Fla. filed on July 20, 2011).

indicating that Plaintiff seeks an award of $6,406.50 in attorney's fees. Doc. Nos. 12-2; 12-3. The Motion for Fees was referred to the undersigned. Plaintiff did not file a response to the Motion for Fees.

On January 31, 2012, the Court ordered Ms. Scott to "file a legal memorandum, including relevant citations to authority, explaining why Rule 11 sanctions should not be imposed against her for filing the notice of removal." Doc. No. 13 at 2. On February 21, 2012, Ms. Scott filed her response to the Court's show cause order. Doc. No. 14. In her response, Ms. Scott states:

> 1. In the Orders dated January 17, 2012 and January 31, 2012, it is correctly stated that the undersigned counsel received notice that this Court on December 19, 2011 remanded cases numbers 6:11-cv-01996-ACC-GJK and 6:11-cv-01997-ACC-KRS for lack of subject matter jurisdiction.
>
> 2. Prior to the removal of the above cases, the undersigned counsel sought advice from a colleague with more civil federal experience regarding the application of U.S.C. § 1446 in pre-judgment and post-judgment situations.
>
> 3. Based on advise received, it was the mistaken belief of the undersigned that this Court would elect to accept jurisdiction of these State court cases with federal questions.
>
> 4. While the three cases appear identical, as they all involved compulsory federal counter-claims and the Notice of Removal was practically identical; the undersigned counsel believed the cases were procedurally dissimilar.
>
> 5. When the remand came for the first two cases, the undersigned counsel was already set to remove the Malguen case to Federal court.
>
> 6. As the cases were procedurally different, the undersigned counsel moved forward on December 22, 2011 with the removal on the Malugen matter as the undersigned mistakenly believed that this Court would not remand it to State court.

> 7. On December 23, 2011, SunTrust filed its Motion for Remand, Motion for Attorneys' Fees and Costs and Memorandum of Law in Support.

Doc. No. 14 at 1-2.  Thus, Ms. Scott represents that she conferred with a colleague prior to removing the aforementioned cases, she received this Court's prior remand orders and removed the instant case because she believed it was procedurally different from the others.

Ms. Scott asserts that because the Court has *sua sponte* determined that Rule 11 sanctions may be appropriate, the standard for awarding sanctions is a finding of bad faith, which is akin to contempt of court.  Doc. No. 14 at 3.  Ms. Scott contends that it is "significant that U.S.C. § 1447(c) does not mandate the awarding of attorney's fees and costs," thereby making such an award discretionary.  Doc. No. 14 at 3.  Ms. Scott requests, "as a matter of fairness . . . that Suntrust's request for attorney's fees be denied or reserved until the resolution of the State court litigation."  Doc. No. 14 at 3.  Ms. Scott concludes her response by stating "Malugen and her counsel took reasonable efforts to ensure compliance with U.S.C. § 1446 to ensure federal subject matter jurisdiction.  Although this Court found that it lacks subject matter jurisdiction, the undersigned counsel believed that the cases were procedurally different and in good faith filed its Notice of Removal."  Doc. No. 14 at 3-4.  Ms. Scott has not presented any argument or evidence contesting the amount of attorney's fees Plaintiff has requested in the Motion for Fees.

On March 22, 2012, Plaintiff filed a notice indicating that Defendant had filed a Chapter 13 bankruptcy petition.  Doc. No. 18.

## II. LAW

### A. Fee Awards Under 28 U.S.C. § 1447.

When the Court remands a case to the State court, the Court may "require payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal." 28 U.S.C. § 1447(c). In determining whether to award fees, the Court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. The award of just costs and actual expenses rests in the Court's discretion. *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1333 (M.D. Fla. 2003). Whether this award must only be awarded against the removing party or may also be awarded against the attorney has not been decided by the Eleventh Circuit and has divided the courts that have considered the issue.

In *State of Wisconsin v. Missionaries to the Preborn*, 798 F. Supp. 542, 543 (E.D. Wis. 1992), the Court awarded plaintiffs $1,300.00 for defendants' improper removal, payable jointly and severally by defendants and their counsel. Defendants' counsel moved for reconsideration, arguing that 28 U.S.C. § 1447 only permitted an award of costs and fees against the party, not the attorney. *Id.* In rejecting this argument, the court noted that Section 1447 did not expressly or impliedly limit a court's "authority to impose joint and several liability on attorneys and their clients when awarding costs and expenses pursuant to § 1447(c)." *Id.* at 544. The court noted

that "[a] contrary interpretation . . . would be arguably inconsistent with both Rule 11, Federal Rules of Civil Procedure, and ethical rules of conduct for attorneys." *Id.* Thus, the court found that a "fair reading of § 1447(c) allows a court, within it discretion, to impose costs and expenses against not only parties, but also against their attorneys if the latter filed baseless papers or pleadings." *Id.*

In *Peraza v. Mazak*, No. 8:07-cv-2320-T-23MAP, 2008 WL 186613 at *2 (M.D. Fla. Jan. 18, 2008), the court found that "plaintiff's removal sharply contravenes at least three elementary and obvious principles of diversity-based removal. The removal demonstrates either a troubling ignorance of basic federal civil procedure or an unfortunate and misbegotten tactic, deployed to avoid an adverse ruling by the state court." The court found that "plaintiff's counsel lacked an objectively reasonable basis for removal and should reimburse the defendants [sic] reasonable attorney's fees and costs incurred in defeating the spurious removal." *Id.* at *3 (citing *Missionaries to the Preborn*, 798 F. Supp. 542).

Similarly, in *Digital 1 Media, Inc. v. Van Almen*, No. 8:09-cv-1097-T-33TBM, 2010 WL 3259788 at *4 (M.D. Fla. July 27, 2010), the Magistrate Judge recommended a fee award for improper removal be awarded against defendants and their attorneys, citing *Missionaries to the Preborn*, 798 F. Supp. 542. Courts in other jurisdictions have also cited *Missionaries to the Preborn*, 798 F. Supp. 542, as authority for imposing a fee award against a party, the party's attorney, or both. *See Saxon v. Thomas*, No. 06-2339, 2007 WL 1115239 at *6 (W.D. La. Apr. 12, 2007) (stating the court has discretion to award fees against defendants, their attorneys or both); *Game Time Laser Tag Adventure v. MillsServices Corp.*, No. 2:05-CV-1094, 2006 WL 2422593 at *1 (S.D. Ohio Aug. 22, 2006) (fees award may be imposed against party, counsel or

7

both and liability may be joint and several); *Polanco v. 21 Arden Realty Corp.*, 121 B.R. 425, 428 (S.D.N.Y. 1990) (imposing Rule 11 sanctions and fees pursuant to Section 1447(c) against attorneys for improperly removing case).

In *In re Crescent City Estates, LLC*, 588 F.3d 822 (4th Cir. 2009), the Fourth Circuit held that an award of fees and costs could only be assessed against the party. The court began its analysis by noting that applying a presumption that a fee award under a fee shifting statute only applies to the parties is consistent with the American Rule that the parties bear their own legal costs. *Id.* at 825. The court recognized that Section 1447(c) is a fee-shifting statute, but stated that nothing in Section 1447(c)'s plain language or its legislative history supported a finding that "the American Rule's presumption that parties rather than attorneys are liable for attorneys' fees." *Id.* at 826.

The court indicated that Section 1447(c)'s failure to expressly mention counsel "is no indication of congressional intent to include counsel," particularly in light of the language in 28 U.S.C. § 1927 which expressly empowers a court to award fees and costs directly against an attorney who vexatiously and unreasonably multiplies a proceeding. *Id.* The court stated that the "most natural reading of §1447(c) is that it applies solely to litigants, who have a genuine stake in whether nor not the case is remanded—and not to attorneys, who may not even remain involved in the case post-remand." *Id.* at 827. The court also noted that Section 1447(c) was enacted to replace the former requirement that a defendant post a bond to secure the payment of costs associated with an improper removal. *Id.* The court indicated that Section 1447(c) merely substituted a *party's* obligation to pay costs ex ante with a *party's* obligation to pay costs ex post." *Id.* at 828 (emphasis in original).

8

The court also found support for its conclusion in the case law. *Id.* The court examined *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), and found that it "fairly stands for the more general proposition that, presumptively, when a fee-shifting statute is silent about who pays attorneys' fees, parties—not attorneys—are accountable." *Id.* The court also stated:

> The presumption is widely held. As the Second Circuit summarized, "When a fee-shifting statute that authorizes the courts to award attorneys' fees . . . does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized." *Healey v. Chelsea Res., Ltd.*, 947F.2d 611, 624 (2d Cir. 1991). Other circuits have likewise held that fee-shifting statutes presumptively apply onto to litigants. And these courts have so held in a wide array of contexts, interpreting fee-shifting provisions under civil rights statutes, under the Securities Act, under the False Claims Act, under the Federal Rules of Civil Procedure, and under the Copyright Act.
>
> These decisions interpret fee-shifting statutes with language remarkably similar to the language of § 1447(c). Like § 1447(c), the provisions in these cases vest courts with discretion to award attorneys' fees but do not expressly state who must pay those fees. Accordingly, we choose to interpret § 1447(c) similarly.

*Id.* at 828-29 (internal citations omitted). Thus, the court reviewed the case law that interpreted statutes with similar language and determined that Section 1447(c)'s failure to mention that attorney's fees could be imposed on attorneys raised the presumption that it only applied to parties.

The court also indicated that imposing a Section 1447(c) award on attorneys "would only generate more collateral litigation" in the form of "establish[ing] the proper standards for attorney, as opposed to party, liability." *Id.* at 829-30. The court expressed concern that courts, without legislative guidance, "would be forced to decide . . . when an attorney should be held solely liable, when an attorney should be held jointly and severally liable with a client, or

9

whether fees should be apportioned between lawyer and client . . . based on some yet unknown formula." *Id.* at 830. The court also expressed concern that imposing fee awards on counsel could create a rift in the attorney-client relationship, a conflict of interest "or require the attorney to reveal privileged and confidential information relating to the case." *Id.* The court also expressed concern that imposing fee awards on counsel could have a chilling effect on a party exercising its right of removal and could "transform what it means to practice law" because the attorney would be liable for the costs and fees for an improper removal without a showing of "vexatiousness, malfeaseance, bad faith, or the like" in exercising the attorney's legal judgment. *Id.*

The court acknowledged that improper removals should not be encouraged, but stated that "fee-shifting by itself operates as a deterrent on such practices." *Id.* at 831. The court further indicated that "[w]here an attorney's decision to remove *is* particularly blameworthy . . . courts have at their disposal Federal Rules of Civil Procedure 11, 28 U.S.C. § 1827, and their inherent powers, all of which may permit awards of attorneys' fees against attorneys whose actions compromise standards of professional integrity and competence." *Id.* (emphasis in original). The Fourth Circuit is not alone in holding that fee awards may not be imposed on attorneys under Section 1447(c). *See Creek Ventures, LLC v. World Parts, LLC*, No. 01-CV-89C, 2004 WL 1166642 at *4 (W.D.N.Y. Apr. 14, 2004) (denying Section 1447(c) motion seeking a fee award solely against counsel because there is "no authority in the Western District or in the Second Circuit" for such an award).

**B.     Rule 11 Fee Awards.**

Rule 11(b), Federal Rules of Civil Procedure, provides:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b). Therefore, Rule 11(b) imposes a duty upon attorneys and pro se parties to "refrain from filing or pursuing frivolous claims." *Rueter v. Merrill Lynch*, 440 F.Supp.2d 1256, 1266 (N.D. Ala. 2006) (citing Fed.R.Civ.P. 11(b)).

Rule 11 embodies the principle that attorneys and pro se litigants have an obligation to refrain from conduct that frustrates the aims of Rule 1.[2] To accomplish this goal, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading or motion; it emphasizes the duty of candor by subjecting litigants

---

[2] Rule 1, Federal Rules of Civil Procedure, provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action."

potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention. *See* Advisory Committee Notes to Rule 11, 1993 Amendments.

When the Court initiates a proceeding for Rule 11 sanctions, the standard for imposing sanctions is "'akin to contempt.'" *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1256 (11th Cir. 2003). Making a "knowingly false statement or exhibiting a deliberate indifference to obvious facts is akin to contempt and warrants sua sponte Rule 11 sanctions." *Hodge v. Orlando Utilities Comm'n*, No. 6:09-cv-1059-Orl-19DAB, 2010 WL 376019 at *5 (M.D. Fla. Jan. 25, 2010). Sua sponte Rule 11 sanctions are reviewed with "'particular stringency.'" *Kaplan*, 331 F.3d at 1255.

The seminal case on Rule 11 in the Eleventh Circuit provides the standard and a two-step inquiry for courts to utilize in determining whether sanctions are appropriate:

> The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. . . . Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law. Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief. However, the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression. The grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions.

*Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal citations omitted). Therefore, the Court applies an objective reasonableness standard in terms of what was and should have been known at the time, keeping in mind that Rule 11 should not have a chilling effect on zealous or novel arguments.

What constitutes a reasonable inquiry may depend on factors such as the amount of time the signer had and whether she had to rely on a client for information as to the underlying facts in the pleading, motion or other paper; "whether the pleading, motion, or other paper was based on a plausible view of the law; or whether [the signer] depended on forwarding counsel or another member of the bar." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).

If the Court finds Rule 11 has been violated, the "court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by this partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). Rule 11 provides various requirements for imposing sanctions;

> **(4) Nature of Sanction**. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
>
> **(5) Limitations on Monetary Sanctions.** The court must not impose a monetary sanction:
>
> > **(A)** against a represented party for violating Rule 11(b)(2); or

> **(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.
>
> **(6) Requirements for an Order.** An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11(c)(4)-(6). Thus, in imposing a sanction for a Rule 11 violation, the Court must determine what sanctions will deter repetition of the conduct by other similarly situated parties.

A court has discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Rule 11 "applies only to assertions contained in papers filed with or submitted to the court. It does not cover matters arising for the first time during oral presentations to the court, when counsel may make statements that would not have been made if there had been more time for study and reflection." Advisory Committee Notes to Rule 11, 1993 Amendments.[3]

---

[3] The Advisory Committee Notes to Rule 11, 1993 Amendments, also state: "However, a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit. For example, an attorney who during a pretrial conference insists on a claim or defense should be viewed as 'presenting to the court' that contention and would be subject to the obligations of subdivision (b) measured as of that time." *Id.*

## III. ANALYSIS

### A. 28 U.S.C. § 1447(c).

Plaintiff filed its Complaint on August 13, 2010. Doc. No. 2. Defendant filed her notice of removal on December 22, 2011, well over a year after the Complaint was filed. Doc. No. 1. The notice of removal was clearly untimely under 28 U.S.C. § 1446(b).

A defendant may remove a case when the federal district court has original jurisdiction to consider the case. *Van Almen*, No. 8:09-cv-1097-T-33TBM, 2010 WL 3259788 at *3. Original jurisdiction exists when the parties are diverse or there is a federal question. *Id.* Diversity jurisdiction exists when no defendant is a resident of the same state as any of the plaintiffs. *Id.* Federal question jurisdiction exists when a federal question exists on the face of the well pleaded complaint. *Id.* Federal question jurisdiction "cannot rest on an actual or anticipated counterclaim." *Id.* A notice of removal must be filed "within 30 days after" the defendant receives a copy of the initial pleading or service of the summons if the initial pleading has been filed with the court and is not required to be served on the defendant. 28 U.S.C. § 1446(b).

In *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002), the Supreme Court held that the well-pleaded complaint rule does not permit a counterclaim to serve as a basis for federal question jurisdiction. Recently, this Court declined to exercise federal question jurisdiction on the basis of a counterclaim. *See Atco Parts, Inc. v. Garrison*, No. 609-cv-687-Orl-22DAB, 2009 WL 1360887 (M.D. Fla. May 13, 2009). This restriction on federal question jurisdiction is also noted in 13D Charles Alan Wright & Arthur R. Miller <u>Federal Practice and Procedure</u> § 3566 (3d ed. 2011) and 32A Am. Jur. 2d <u>Federal Contracts</u> § 901 (2012). Thus, the law is well settled that federal claims raised in a counterclaim

15

may not serve as a basis for removal jurisdiction.

In the case at bar, Defendant asserted federal question jurisdiction as the basis of removal. Doc. No. 1 at 2, ¶ 5. In its Complaint, Plaintiff asserts state law claims for mortgage foreclosure and breach of a promissory note. Doc. No. 2. Plaintiff did not assert any claim that involves a federal question. Defendant's counterclaim, however, asserted numerous claims arising under federal statutes that raise federal questions. Thus, Defendant and her counsel apparently believed that raising counterclaims containing federal claims was a proper basis of removal. This belief was both unreasonable and clearly erroneous.

In her response, Ms. Scott generally asserts that she believed filing the notice of removal was appropriate because she "sought advice from a colleague with more civil federal experience" and the other cases that were remanded "were procedurally dissimilar." Doc. No. 14 at 1-2, ¶¶ 2, 4. Ms. Scott does not identify the colleague, the advice sought or assert that she independently researched the issue. Ms. Scott also does not set forth the particulars of her belief that this case is procedurally dissimilar from the two prior cases that were remanded. Other than making generalized statements, Ms. Scott has not set forth any basis to support a finding that she had an objectively reasonable basis to believe that filing the notice of removal was appropriate.

In light of the well-established law set forth above, any meaningful inquiry or investigation would have alerted Ms. Scott to the fact that asserting federal claims in a counterclaim is not a proper basis of removal. Ms. Scott does not explain how any procedural dissimilarity or nuance would bestow federal jurisdiction on the Court. Subject matter jurisdiction is a matter of substantive law that does not hinge on the procedural posture of a case. *See Hernandez v. Seminole County, Fla.*, 334 F.3d 1233, 1239 (11th Cir. 2003) (noting that an

order remanding due to lack of subject matter jurisdiction is a conclusion of substantive law). In fact, the issue of subject matter jurisdiction may be raised at any time. *See Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). Thus, Ms. Scott's assertion of procedural dissimilarity is irrelevant, particularly in light of the fact that federal question jurisdiction is predicated on whether a federal question appears on the face of the plaintiff's well-pled complaint. *See Van Almen*, No. 8:09-cv-1097-T-33TBM, 2010 WL 3259788 at *3.

In her response, Ms. Scott requests the Court "not impose sanctions upon the undersigned counsel for her mistaken belief that her Notice of Removal was appropriate." Doc. No. 14 at 4. Ms. Scott also requests, on behalf of Defendant and herself, that the "Court deny [Plaintiff's] claim for attorney's fees or reserve jurisdiction until the State court case is resolved." Doc. No. 14 at 4.

In the Motion for Fees, Plaintiff requests the Court award attorney's fees against Defendant and Ms. Scott jointly and severally. Doc. No. 12 at 1. This is the first time Plaintiff has requested an award of fees against defense counsel. Plaintiff does not cite any authority in support of its request for such relief and, further, does not provide a memorandum of law as required by Local Rule 3.01(a). The Court finds the Fourth Circuit's in-depth analysis in *In re Crescent City Estates, LLC*, 588 F.3d 822, is persuasive authority that an award of fees under Section 1447(c) may only be imposed against the party and not the party's attorney. Thus, the request for an award of attorney's fees pursuant to Section 1447(c) against defense counsel should be **DENIED**.

In light of Plaintiff's notice of bankruptcy filed by the Defendant, any award of attorney's fees against Defendant, in the unchallenged amount of $6,406.50, must be stayed pursuant to 11

U.S.C. § 362(a)(1). Accordingly, it is **RECOMMENDED** that the Court **STAY** any award of fees under Section 1447 until the bankruptcy petition has been resolved and **DENY** Plaintiff's request for an award of attorney's fees, pursuant to Section 1447, against defense counsel.

**B.    Rule 11 Sanctions.**

In regard to imposing Rule 11 sanctions, Ms. Scott's response is woefully inadequate to establish that she has not violated Rule 11. Ms. Scott's response is not verified or supported by affidavit. Other than proffering generalized statements, Ms. Scott does not discuss with any particularity the basis for which she had a good faith basis to remove the instant case to federal court. *See McGreal*, 87 F.3d at 1254 (Rule 11 sanctions may be imposed when a party files a pleading in bad faith or for an improper purpose). Ms. Scott has provided neither specific facts, nor a persuasive argument upon which the Court could determine that a "reasonable attorney in like circumstances could believe [her] actions were factually and legally justified." *Kaplan*, 331 F.3d at 1255.

In light of the well-established law set forth above, Ms. Scott could not have had an objectively reasonable good faith basis to believe that filing the notice of removal was proper. Further, Ms. Scott acknowledges that she received the Court's prior orders of remand for lack of subject matter jurisdiction. *See* Doc. No. 14 at 1, ¶ 1. Thus, Ms. Scott was on notice that filing a notice of removal based on federal questions asserted in a counterclaim was inappropriate. Nonetheless, Ms. Scott filed the notice of removal in this case. As noted above, Ms. Scott's assertion that she believed the instant case was somehow procedurally different is without merit. In *Peraza*, 2008 WL 186613 at *2, the court noted the improper removal demonstrated either a troubling ignorance of basic civil procedure or worse -- a deliberate tactic to avoid an adverse

18

ruling in state court. Here, counsel cannot claim mere (albeit troubling) ignorance because of the Court's two prior orders that clearly found removal under similar circumstances was improper.

In light of the Court's prior orders and the well-established case law, Ms. Scott exhibited a deliberate indifference to obvious facts that filing the notice of removal was improper. *See Baker*, 158 F.3d at 524 (Rule 11 sanctions appropriate when attorneys displays a deliberate indifference to obvious facts). Accordingly, it is **RECOMMENDED** that the Court find Ms. Scott violated Rule 11 by filing the notice of removal.

In sanctioning Ms. Scott for her Rule 11 violation, the Court must limit the sanction to that which would deter repetition of the same or similar conduct by similarly situated parties. Fed. Rule. Civ. P. 11(c)(4). The undersigned **RECOMMENDS** fining Ms. Scott $500.00. The undersigned finds that it is rare for an attorney to remove a case without a basis that has some arguable merit, as Ms. Scott has done in this case. In light of the rarity of such an occurrence, the undersigned believes that a $500.00 fine will sufficiently deter Ms. Scott and other similarly situated parties from improperly removing cases in the future. Accordingly, it is **RECOMMENDED** that the Court sanction Ms. Scott by ordering her to pay $500.00, payable to the Clerk of the Court. If the District Court disagrees with the undersigned's recommendation and determines that additional sanctions are warranted, it may be appropriate to hold a hearing depending on the sanction imposed. *See Donaldson v. Clark*, 819 F.2d at 1561 (although a hearing is not required, in determining whether to hold a hearing the court should consider the circumstances, the type and severity of the sanction being considered, and the trial judge's participation in the proceedings, knowledge of the facts and the necessity for further inquiry. "The more serious the possible sanction both in absolute size and in relation to actual

expenditures, the more process that will be due.").

Based on the foregoing, the undersigned **RECOMMENDS** the following:

1. In light of Defendant's pending bankruptcy petition, the quantification of fees to be awarded against Defendant, pursuant to the Motion for Remand and Fees and Motion for Fees, should be **STAYED**;

2. The Motion for Fees should be **DENIED** to the extent it seeks an award of fees against Ms. Scott; and

3. To the extent the Court referred the issue of imposing Rule 11 sanctions against Ms. Scott, the undersigned **RECOMMENDS** the following:

    A. Find that Ms. Scott violated Rule 11 by filing the notice of removal; and

    B. Sanction Ms. Scott in the amount of $500.00, payable to the Clerk of the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** in Orlando, Florida on April 3, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties